UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**THE ESTATE OF MARIANO VARGAS, et al.,**

    **Plaintiff,**

    v.

**CITY OF BAYONNE, et al.,**

    **Defendants.**

**Civil Action No. 14-1048 (JMV)**

**OPINION AND ORDER**

**CLARK, Magistrate Judge**

    **THIS MATTER** comes before the Court on a motion by Defendants City of Bayonne, Bayonne Police Department, Police Chief Robert Kubert, Officer David McCrae, Officer Carrey, Officer Ralph Scianni, Officer Anthony Larwa, Sergeant Paul Jamolawicz, Officer John Arndt, Captain Drew Sisk, Police Director O'Donell, and Lt. Robert Desczynski (collectively "Defendants") to amend Defendants' Answer to include a counterclaim against Plaintiff Linda G. Vargas ("Plaintiff" or "Mrs. Vargas") [ECF No. 103].[1] Plaintiffs oppose Defendants' motion to amend [ECF No. 106]. For the reasons set forth below, Defendants' motion to amend [ECF. No. 103] is **GRANTED.**

**I.    BACKGROUND**

    This matter arises from the death of Mariano Vargas ("Mr. Vargas") who was killed during a confrontation with the police while he was allegedly having a psychotic episode. Plaintiffs Mrs.

---

[1] The Court entered an Order on July 12, 2017 allowing Defendants to file a motion for leave to amend their Answer by no later than July 28, 2017. Although Defendants filed their motion on July 31, 2017, the Court will accept Defendants' motion as timely filed.

1

Vargas and Lisa Russell, executor of the Estate of Mariano Vargas, (collectively "Plaintiffs") filed this action on February 18, 2014, both individually and on behalf of the Estate alleging, *inter alia*, that Defendants acted in concert and conspiracy with one another, using excessive force to enter the Vargas home where they shot and killed Mr. Vargas. Am. Compl. ¶ 4. In their answer, Defendants pled twenty-four affirmative defenses, and two counterclaims denying the allegations made in Plaintiffs' Complaint, seeking contribution from Plaintiffs, and further alleging that Plaintiffs' lawsuit is frivolous. *See* Def.s' Answer, ECF No. 26.

Plaintiffs' Amended Complaint alleges that Mariano Vargas started exhibiting signs of depression and mental illness approximately fifteen years ago. Am. Compl. ¶ 51. In June of 2003, Mr. Vargas was treated for mental illness after a confrontation with officers from the Bayonne and Jersey City police departments. *Id*. ¶ 52. Apparently, Mr. Vargas barricaded himself in his house, took his wife as hostage and threatened to harm himself with a knife. *Id*. ¶¶ 53, 57; *see also* ECF No. 107 at 2. After hours of unsuccessfully trying to persuade Mr. Vargas to surrender his knife and peacefully come outside, the police forcibly entered the Vargas' home and arrested Mr. Vargas. Am. Compl. ¶ 58-60. Subsequently, Mr. Vargas was transported to the hospital for an evaluation and treatment for mental illness. *Id*. ¶ 60. Thereafter, Mr. Vargas was diagnosed with paranoid schizophrenia and depression. ECF No. 103-4 at 3 (T51:16-T52:9).

On March 21, 2012, Mrs. Vargas contacted her sister and requested that she check in on Mr. Vargas. Am. Compl. ¶ 30. Mrs. Vargas was visiting her daughter and grandchildren in North Carolina while Mr. Vargas remained home alone without any supervision. *Id*. Although Mrs. Vargas monitored her husband's medication, she left Mr. Vargas home "secure in the knowledge that his health, particularly his medication regimen, would continue as usual." *See* ECF No. 106 at 2. However, after being unable to reach Mr. Vargas by phone, Mrs. Vargas suspected that he

was not taking his psychiatric medications. Am. Compl. ¶ 30. Shortly thereafter, Bayonne police officers were dispatched to the Vargas home to perform a "welfare check." *Id*. ¶ 33-36.

According to Plaintiffs, when the Bayonne police arrived at the scene, Chief Kubert ordered at least six officers to "suit up" and put on their combat gear. *Id*. ¶ 39. Thereafter, several police officers entered the Vargas home through the back door. *Id*. ¶ 43. Within moments, shots were fired and Mr. Vargas was dead. These events give rise to the current matter.

Presently before the Court is Defendants' Motion to Amend their Answer pursuant to Rule 15(a). Defendants seek to amend their answer to assert a counterclaim against Plaintiff Linda Vargas [ECF No. 103]. Defendants contend that Mrs. Vargas contributed to her husband's death by failing to establish an appropriate mechanism to ensure that Mr. Vargas complied with his medication regimen while she was away in North Carolina. ECF No. 107 at 1-2. Specifically, Defendants contend that Mrs. Vargas assumed the duty of ensuring that her husband adhered to his pharmaceutical regimen, and she breached that duty when she failed to prevent or warn others that her husband was engaging in behavior that was likely to endanger the safety of another.

Plaintiffs vehemently oppose Defendants' motion for leave to amend for two reasons. First, Plaintiffs argue that Defendants' proposed amendment is futile. Plaintiffs claim that "the cause of action Defendants seek to add does not exist in New Jersey's jurisprudence." ECF No. 106 at 1. Plaintiffs posit that "[n]either the New Jersey Legislature nor the New Jersey court have created a duty of care as Defendants allege." *Id*. Finally, Plaintiffs contend that "Defendants do not and [cannot] proffer to this Court any legal, medical or other factual basis for the cause of action they seek to assert against [Plaintiff]." *Id*. at 7. Based on these arguments, Plaintiffs submit that Defendants' proposed amendment is futile.

3

Plaintiffs also argue that the proposed amendment would prejudice Plaintiffs. According to Plaintiffs, "Defendants are attempting to impose a duty of care on Linda Vargas that is non-existent in [Mr. Vargas'] medical and hospital records." *See* ECF No. 106 at 9. Therefore, Plaintiffs contend that Mrs. Vargas would be compelled to contact Mr. Vargas' former doctors and pharmacists to collect relevant information. Lastly, Plaintiffs argue that they would have to obtain supplemental expert reports because "this bizarre duty of care is one that unquestionably merits expert legal analysis." *See Id.* at 10.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharm. Inc. v. Mylan Techs. Inc.*, No. CIV.A. 11-220-GMS, 2013 WL 936452, at *2 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

4

Plaintiffs do not assert that Defendants' proposed amendment is a product of bad faith, or undue delay. Rather, as noted, Plaintiffs assert that Defendants' proposed amendment is futile and that allowing the proposed amendment would be prejudicial to Plaintiffs. Initially, the Court addresses Plaintiffs' assertion that Defendants' proposed amendment is futile. A proposed amendment is considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). Nonetheless, "a pleader's obligation to provide the grounds of his entitle[ment] to relief requires more than labels [,] . . . conclusions, and a formulaic recitation of the elements of a cause of action" and requires that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id* (citations omitted). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Defendants' proposed amendment seeking to add a counterclaim against Plaintiff Linda Vargas, Plaintiffs assert that Defendants' amendment is futile because "[t]he cause of action [that] Defendants seek to add does not exist in New Jersey jurisprudence." ECF No. 106 at 1. Plaintiffs further assert that "[n]o New Jersey statute has legislatively created a legal

5

obligation by a spouse [wife] or third party to ensure the other spouse [husband] takes medications timely and properly in circumstances when the husband later suffers injury." *Id*. at 4.

In response, Defendants argue that Mrs. Vargas' "negligence in failing to ensure that her husband took his antipsychotic medication while she was away contributed to the incident in which Mr. Vargas lost his life." ECF No. 107 at 1. In support of their argument, Defendants cite a New Jersey Supreme Court case, which provides that Defendants, in order to serve a viable claim, must demonstrate: "(1) that a duty of care was owed by [Plaintiff] to [Mr. Vargas], (2) a breach of that duty by [Plaintiff], and (3) injury to [Mr. Vargas] was proximately caused by the breach." *See Robinson v. Vivirito*, 217 N.J. 199, 208, 86 A.3d 119, 124 (2014). Defendants claim that Mrs. Vargas' testimony reveals that she assumed the duty of ensuring that her husband adhered to his pharmaceutical regimen. ECF No. 107 at 4. Defendants further claim that Mrs. Vargas breached that duty of care when she failed to establish the appropriate mechanism to ensure that Mr. Vargas complied with his medication regimen while she was away from home. *Id*. at 1-2. Based on these assertions, Defendants submit that Mrs. Vargas' negligence in ensuring that her husband was taking his medication either resulted in or contributed to the confrontation with the police that led to Mr. Vargas' death. ECF No. 103 ¶¶ 15-18. Therefore, Defendants seek to assert a counterclaim against Mrs. Vargas for contributory negligence.

As an initial matter, it appears to the Court that there are sufficient allegations in the Proposed Amended Answer and Defendants' motion papers upon which the Court may base a finding that Defendants' counterclaim of contributory negligence is facially plausible. However, the Court is reluctant to rule on Plaintiffs' futility argument in the context of the present motion because it would require legal determinations better suited for a motion to dismiss. Accordingly,

the Court declines to find definitively at this juncture that Defendants' proposed amendment is futile or not.

Next, the Court addresses Plaintiffs' assertion of prejudice. "Prejudice," for purposes of determining whether to allow the proposed amendment, involves serious impairment of the non-movant's ability to present its case. *Harter v. GAF Corp.,* 150 F.R.D. 502, 509 (D.N.J. 1993). Incidental prejudice to the non-moving party is not a sufficient basis for denial of an amendment; prejudice becomes "undue" only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981); *see also DiLoreto v. Borough of Oaklyn,* 744 F.Supp. 610, 615 (D.N.J. 1990). Prejudice can also be caused in a number of different circumstances, such as when the amended pleading will "(1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Textron Fin.-New Jersey, Inc. v. Herring Land Grp., LLC*, No. CIV.A. 06-2585MLC, 2009 WL 690933, at *4 (D.N.J. Mar. 11, 2009) (citing *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004)). Similarly, prejudice may result when the amendment would force a party to change their litigation tactics or case theory. *Stallings v. IBM Corp.,* No. 08–3121, 2009 U.S. Dist. LEXIS 81963, at *49, 2009 WL 2905471 (D.N.J. Sept. 8, 2009) (citing *Kiser v. Gen. Elec. Corp.,* 831 F.2d 423, 428 (3d Cir. 1987)). It is noteworthy, however, that unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Textron Fin.-New Jersey, Inc.*, No. CIV.A. 06-2585MLC, 2009 WL 690933, at *4.

Plaintiffs claim that they will be prejudiced by Defendants' proposed amendment because they would be required to obtain supplemental expert review. *See* ECF No. 106 at 10. Specifically, Plaintiffs argue that "since Defendants' expert could not identify a source which defines the duty of care attributed to Mrs. Vargas, supplemental expert review on the question would be essential in light of the current unfair disadvantage that may be thrust upon them." *Id*. In response, Defendants contend that their proposed amendment raises meritorious claims and no undue prejudice will result to Plaintiffs. *See* ECF No. 103-1 at 5. In addition, Defendants assert that Plaintiffs' argument is irrelevant because a psychologist is not qualified to give a legal opinion as to Mrs. Vargas' negligence. *See* ECF No. 107 at 6. Lastly, Defendants assert that the scope of the duty of care is a question of law to be decided by the court. *Id*.

While the need to supplement expert reports may prejudice the non-moving party to some minor extent, Plaintiffs have not demonstrated the high level of prejudice required by the Third Circuit to defeat a motion to amend the pleadings. *See Long*, 393 F.3d at 400. More specifically, Plaintiffs have not demonstrated that the amended pleading would (1) require Plaintiffs to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent Plaintiffs from bringing a timely action in another jurisdiction. *See Id*. Accordingly, because Plaintiffs have not demonstrated that Defendants' proposed amendment causes Plaintiffs undue prejudice, the Court declines to find that justice requires the denial of Defendants' motion to amend their answer. Based on the foregoing, Plaintiff's motion for leave to file an Amended Answer is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 27th day of February, 2018,

**ORDERED** that Defendants' motion for leave to file an Amended Answer [ECF No. 103] is **GRANTED**; and it is further

**ORDERED** that Defendants shall file and serve their Amended Answer within **seven (7) days** from the date of this Order; and it is further

**ORDERED** that the Court will conduct a conference call with the parties on **March 13, 2018 at 2:00 PM** for the purpose of discussing an expedited discovery schedule for any additional discovery that may be required as a result of this decision. Counsel for Defendant is directed to initiate the call.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**